# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **THE LINCOLN ELECTRIC COMPANY,** ) | **CASE NO.  1:11 CV 2253** |
|  ) | |
| **Plaintiff,**  ) | |
|  ) | |
| v.  ) | **JUDGE DONALD C. NUGENT** |
|  ) | |
| **TRAVELERS CASUALTY AND SURETY** ) | |
| **COMPANY (f/k/a THE AETNA**  ) | |
| **CASUALTY AND SURETY COMPANY),** ) | |
|  ) | **MEMORANDUM OPINION** |
| **and**  ) | **AND ORDER** |
|  ) | |
| **ST. PAUL FIRE AND MARINE**  ) | |
| **INSURANCE COMPANY,**  ) | |
|  ) | |
| **Defendants.**  ) | |

This matter is before the Court on the Motion to Dismiss the Complaint filed by Defendants, St. Paul Fire and Marine Insurance Company and Travelers Casualty and Surety Company (f/k/a Aetna Casualty and Surety Company) ("St. Paul and Travelers").  (Docket #26.) Defendants seek to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), 12(b)6 and 12(e).  For the following reasons, the Motion to Dismiss is denied.

## Complaint

Plaintiff, The Lincoln Electric Company ("Lincoln Electric"), seeks insurance coverage under several umbrella insurance policies issued by St. Paul and Travelers.  Defendants argue

that the allegations raised in Plaintiff's Complaint do not meet the *Twombly/Iqbal* pleading standard and that, at a minimum, Plaintiffs should be required to provide a more definite statement under Fed. R. Civ. P. 12(e). Defendants argue that a prior Settlement Agreement between the Parties controlling the allocation of losses under the related primary insurance policies controls the allocation of losses as to the umbrella policies as well. The terms of the prior Settlement Agreement serve as the basis for Defendants' argument that Plaintiff's claim is neither ripe nor justiciable.

**Discussion**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitations of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,1940 (2009). *See also Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000) (court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.)

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level,

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 550 U.S. at 570.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008)*; Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Defendants argue Plaintiff's Complaint consists of conclusory allegations insufficient to withstand a dismissal under Fed. R. Civ. P. 12(b)(6). Having reviewed the allegations in the Complaint, the Court finds that the Complaint, when considered in a light most favorable to the Plaintiff, provides factual allegations that are sufficient to raise a right to relief above the speculative level. Further, the Complaint is neither unintelligible nor "so vague or ambiguous" that Defendants cannot reasonably prepare a response. Defendants request for a more definite statement pursuant to Fed. R. Civ. P. 12(e) is, therefore, denied.

Defendants argue that the proper allocation of losses under the umbrella policies is controlled by the terms of the prior Settlement Agreement between the Parties allocating losses under the primary policies. Plaintiff disagrees. A determination as to the proper allocation of losses under the umbrella policies is premature prior to discovery.

-3-

**Conclusion**

Based on the foregoing, the Motion to Dismiss (Docket #26) filed by Defendants is hereby DENIED.

IT IS SO ORDERED.

                                             s/Donald C. Nugent
                                             DONALD C. NUGENT
                                             United States District Judge

DATED: June 6, 2012